**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

KIMBERLY MILLER,

      Plaintiff,

v.                                      Case No: 5:17-cv-155-Oc-40PRL

STATE FARM MUTUAL
AUTOMOBILE INSURANCE,

      Defendant.

_____

## ORDER

This cause comes before the Court on Plaintiff's Motion for Remand and Supporting Memorandum of Law and Motion for Attorney's Fees and Costs (Doc. 9), filed April 18, 2017. On May 1, 2017, Defendant responded in opposition. (Doc. 14). Upon consideration, Plaintiff's motion will be granted in part and denied in part.

## I.    BACKGROUND[1]

This case arises out of a motor vehicle accident that occurred on September 9, 2014 between Plaintiff, Kimberly Miller, and another driver. Plaintiff commenced this action against the other driver in state court on February 9, 2015. Plaintiff thereafter amended her Complaint on February 15, 2016 to add Defendant, State Farm Mutual Automobile Insurance. In her Amended Complaint, Plaintiff alleges that the other driver was negligent in her operation of a motor vehicle, and Plaintiff seeks to recover damages from Defendant. Defendant removed the action to this Court on April 10, 2017. Plaintiff

---

[1] The Court gathers this account of the facts from Defendant's removal package and the state court's docket. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the state court's docket and all documents filed therein.

now moves to remand the case back to the state court, arguing that Defendant cannot demonstrate federal subject matter jurisdiction at the time of removal.[2]

## II.   DISCUSSION

Title 28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. In this case, Defendant removed the action because it believes the parties' controversy lies within the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff disagrees, and moves to remand on the ground that the amount in controversy in this case does not exceed the jurisdictional threshold of $75,000.[3]

When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Here, Defendant fails to demonstrate that the amount in controversy exceeded $75,000 at the time of removal. Defendant relies exclusively on the allegations of Plaintiff's Second Amended Complaint and the exhibits attached thereto. However, as

---

[2]   The Court notes that Plaintiff later filed a motion in the state court requesting leave to file a Second Amended Complaint. However, at the time of removal, that motion had not been resolved. As a result, the Amended Complaint remained Plaintiff's operative pleading at the time of removal.

[3]   The parties do not dispute that complete diversity exists between them.

noted by the Court, the state court had not granted Plaintiff's motion to file the Second Amended Complaint at the time Defendant filed its Notice of Removal. As a result, the Court is conscribed to the allegations of the Amended Complaint, which currently serves as Plaintiff's operative pleading.

The Amended Complaint offers nothing more than conclusory claims of injury. In fact, it appears that the Amended Complaint does not actually allege a claim against Defendant. In any event, the Court cannot conclude by a preponderance of the evidence that the amount in controversy between the parties exceeded $75,000 at the time of removal. The Court will therefore remand this case to the state court. The Court declines to award attorney's fees and costs to Plaintiff; the Court finds no indication in the record that Defendant removed this case "for the purpose of prolonging litigation and imposing costs" on Plaintiff. *Bujanowski v. Kocontes*, 359 F. App'x 112, 113 (11th Cir. 2009) (per curiam).

## III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Remand and for Attorney's Fees and Costs (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.

2. This case is **REMANDED** to the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida. Plaintiff's request for attorney's fees and costs is **DENIED**.

3. The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida.

4. The Clerk of Court is thereafter **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on May 17, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record